J-S23006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH ROBERT MANN, JR. | |
| Appellant | No. 2204 EDA 2016 |

Appeal from the PCRA Order June 15, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003611-2005
CP-15-CR-0003612-2005

BEFORE: OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                           **FILED MARCH 29, 2017**

Appellant, Joseph Robert Mann, Jr., appeals *pro se* from the order entered on June 15, 2016, which dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 2007, a jury found Appellant guilty of eight counts of rape, 12 counts of involuntary deviate sexual intercourse, 21 counts of indecent assault, eight counts of criminal attempt to commit rape, four counts of incest, and three counts each of endangering the welfare of children and corruption of minors. On June 22, 2007, the trial court sentenced Appellant to serve an aggregate term of 31 ½ to 63 years in prison for his convictions. We affirmed Appellant's judgment of sentence on August 28, 2008; Appellant did not file a petition for allowance of appeal with our Supreme

Court. ***Commonwealth v. Mann***, 961 A.2d 1278 (Pa. Super. 2008) (unpublished memorandum) at 1-20.

On August 3, 2009, Appellant filed his first PCRA petition. Following a remand, the PCRA court denied Appellant post-conviction collateral relief and, on November 25, 2014, this Court affirmed the PCRA court's order. ***Commonwealth v. Mann***, 113 A.3d 358 (Pa. Super. 2014) (unpublished memorandum) at 1-6, *appeal denied*, 114 A.3d 416 (Pa. 2015). Our Supreme Court denied Appellant's petition for allowance of appeal on April 7, 2015. ***Id.***

Appellant filed the current PCRA petition – his second – on March 29, 2016. Within the petition, Appellant claimed that, in ***Montgomery v. Louisiana***, ___ U.S. ___, 136 S.Ct. 718 (2016), the United States Supreme Court created a new constitutional right that entitled him to relief. Appellant's Second PCRA Petition, 3/29/16, at 3-4. Specifically, Appellant claimed, in accordance with ***Montgomery***, his "sentence is illegal and unconstitutional in violation of his 8[th] Amendment [right] to be free from cruel and unusual punishment." ***Id.*** at 4.

On May 11, 2016, the PCRA court issued Appellant notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, of its intent to dismiss Appellant's petition in 20 days, without holding a hearing. PCRA Court Order, 5/11/16, at 1-5; Pa.R.Crim.P. 907(1). Appellant responded to the PCRA court's notice and repeated his claim that ***Montgomery*** provided him

- 2 -

with an avenue for relief. **See** Appellant's Response to the Rule 907 Notice, 5/23/16, at 1.

The PCRA court finally dismissed Appellant's PCRA petition on June 15, 2016 and Appellant filed a timely notice of appeal. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Eichinger**, 108 A.3d 821, 830 (Pa. 2014).

Before this Court can address the substance of Appellant's claims, we must determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

**Commonwealth v. Lawson**, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

In the present case, the PCRA court found Appellant's petition to be untimely filed. PCRA Court Opinion, 6/15/16, at 1-5. We agree. Appellant's judgment of sentence became final at the end of the day on Monday, September 29, 2008, which was 30 computable days after this Court affirmed Appellant's judgment of sentence and the time for filing a petition for allowance of appeal with our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); *see also* Pa.R.A.P. 1113(a); 1 Pa.C.S.A. § 1908 (computation of time). The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). As such, Appellant had until September 29, 2009 to file a timely PCRA petition. Since Appellant filed his current petition on March 29, 2016, the current petition is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Here, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

. . .

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

. . .

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court explained:

Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Commonwealth v. Copenhefer**, 941 A.2d 646, 649-650 (Pa. 2007),

*quoting* **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002)

(internal corrections omitted).  Moreover, since the plain statutory language

- 5 -

of section 9545 demands that the PCRA petition "allege" all elements of the statutory exception, it is clear that – to properly invoke the "newly recognized constitutional right" exception – the petitioner must plead each of the above-stated elements in the petition. 42 Pa.C.S.A. § 9545(b)(1).

Within Appellant's second PCRA petition, Appellant claims that his sentence "is illegal and unconstitutional and subject to correction based on the holding of *Montgomery v. Louisiana*, [___ U.S. ___, 136 S.Ct. 718 (2016)]." Appellant's Second PCRA Petition, 3/29/16, at 4. Appellant's claim fails because *Montgomery* concerned the retroactive application of *Miller v. Alabama,* ___ U.S. ___, 132 S.Ct. 2455 (2012) – and *Miller* held that the Eighth Amendment prohibited mandatory life sentences without parole for juveniles convicted of a homicide offense. *See Montgomery*, 136 S.Ct. at 725. In this case, Appellant was not a juvenile when he was convicted of his non-homicide offenses and Appellant did not receive a mandatory sentence of life in prison without the possibility of parole. Thus, neither *Montgomery* nor *Miller* applies to the case at bar.

Since Appellant did not attempt to plead any other exception to the time-bar, we conclude that Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief."[1]

---

[1] To the extent Appellant claims that his illegal sentencing claim is non-waivable, we note that, in *Commonwealth v. Fahy*, our Supreme Court held: "[a]lthough legality of sentence is always subject to review within the PCRA, **claims must still first satisfy the PCRA's time limits or one of**
*(Footnote Continued Next Page)*

***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011).

Therefore, we affirm the PCRA court's order dismissing Appellant's second

PCRA petition without a hearing.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/2017

---

(Footnote Continued) ——————————

**the exceptions thereto**." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (emphasis added).